**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-12999

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DEYONTE' XAVIAN BETTIES,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:25-cr-00019-MCR-2

_____

Before GRANT, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

In January 2025, a federal grand jury returned a two-count indictment against Deyonte' Xavian Betties for possessing and transferring a pistol equipped with a machinegun conversion

2                    Opinion of the Court                    25-12999

device.  *See* 18 U.S.C. § 922(o); 28 U.S.C. § 5861.  Betties moved to dismiss the indictment, arguing that the charges violate his Second Amendment right to keep and bear arms.  The district court denied that motion, concluding that the Second Amendment does not protect the right to possess a machinegun—or, alternatively, a machinegun conversion device.

Betties pleaded guilty to the first count in the indictment (the § 922(o) offense), and in exchange, the government dropped the second count.  The district court sentenced him to 40 months' imprisonment, and he appealed.

On appeal, Betties renews his argument that § 922(o) violates the Second Amendment as applied to him.  He contends the firearm challenged in the indictment—a modified machinegun—is neither "dangerous" nor "unusual," and is therefore protected by the Second Amendment.  The problem for Betties, though, is that this Court squarely addressed and rejected that argument in *United States v. Alsenat*.  174 F.4th 45 (11th Cir. 2026).  There, like here, the defendant was charged with unlawfully possessing a machinegun conversion device under § 922(o).  *Id.* at 46.  And there, like here, the district court rejected the defendant's Second Amendment challenge to his indictment.  *Id.*  This Court affirmed, holding that "machineguns are not protected by the Second Amendment as weapons in common use for lawful purposes."  *Id.*

*Alsenat*'s holding binds us here.  *See United States v. Canario-Vilomar*, 128 F.4th 1374, 1381 (11th Cir. 2025) (noting the strength

25-12999                Opinion of the Court                    3

of this Court's prior-panel precedent rule).  Because machineguns are not protected by the Second Amendment, the district court rightly denied Betties's motion to dismiss the indictment.

★    ★    ★

We **AFFIRM** the district court's judgment.